AMERICAN TRAMP SHIPPING AND DEVELOPMENT CORPORATION, Appellant,

v.

COAL EXPORT CORPORATION, Appellee.

No. 8076.

United States Court of Appeals Fourth Circuit.

Argued March 22, 1960.

Decided March 23, 1960.

R. Arthur Jett, Norfolk, Va., (Poles, Tublin & Patestides, New York City, and Jett, Sykes & Coupland, Norfolk, Va., on brief), for appellant.

John W. Winston, Norfolk, Va., (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

PER CURIAM.

Pursuant to an order of the District Court, the SS "Valiant Power" was sold at public auction on March 1, 1960, to

satisfy a default judgment against the vessel's owner, Power Steamship Corporation. The successful bid was that of the appellant here, American Tramp Shipping and Development Corporation, in the amount of $75,000.

Within the two day period permitted by the local admiralty rule, exceptions to the Marshal's report of sale were filed by a number of interests. Among them was an intervening party libellant, Coal Export Corporation, holder of a mortgage on the vessel, securing a balance of approximately $180,000, the validity of which mortgage has not yet been determined. One of the exceptants, Shipping and Chartering Corporation, submitted an upset bid of $93,500. The court did not consider this bid sufficient to require disapproval of the sale previously made to the appellant for $75,000. The following day Coal Export Corporation advised the court that it was prepared to offer an upset bid of $100,000 and tendered a deposit of $10,000. Upon a hearing the court again refused to order a resale, but stated that if an upset bid of $115,000 was received within three days, a resale would be ordered, as this would demonstrate that the original sale price was "so grossly inadequate as to shock the conscience of the court." Coal Export Corporation then submitted a timely bid of $115,000 and tendered the required deposit. The District Court thereupon ordered resale of the vessel, the bidding to start at $115,000.

American Tramp Shipping and Development Corporation appeals under Title 28 U.S.C.A. § 1292(a)(3), contending that its bid of $75,000 was not so inadequate as to justify its rejection. It insists that Coal Export Corporation has the burden of proving that the original sale price of $75,000 is so grossly inadequate as to give rise to an inference of fraud, unfairness or mistake.

Coal Export Corporation, on the other hand, contends that the matter is one essentially resting within the discretion of the District Judge, and that there was no abuse of such discretion in ordering a new sale with an assured starting bid of $115,000 which is more than 50% in excess of the original sale price.

In American Trading & Production Corporation v. Connor, 4 Cir., 1940, 109 F.2d 871, this court upheld the District Court's refusal to confirm a public sale of real estate. In that case, the original sale price was $100,000. However, a $155,000 offer was made to the court and a resale was ordered, at which $230,000 was bid. In approving the District Court's action, Judge Soper wrote that

" * * * whether the price bid is grossly inadequate and whether and upon what grounds confirmation should be refused are matters within the judgment and discretion of the tribunal ordering the sale, with the exercise of which an appellate tribunal will not interfere except in cases of abuse. Jacobsohn v. Larkey (C.C.A.3rd) 245 F. 538, L.R.A. 1918C, 1176." 109 F.2d at page 872.

We do not think that Coal Export Corporation's failure to attend the sale automatically disentitled it to consideration. It had a substantial interest in the proceeds of the sale and even though it did not appear through a representative at the original auction sale, it entered the case within the time limit fixed by the applicable rule. While we do not wish to be understood as encouraging interested parties to absent themselves from judicial sales of which they have ample notice, the financial interest of this mortgagee, and possibly other creditors, is sufficient under all the existing circumstances to justify the exercise of the court's discretion in order to avoid a possible injustice.

The order appealed from will be

Affirmed.