**C. I. T. CORPORATION, Plaintiff,**

v.

**OIL SCREW FRANK T. SHEARMAN, etc., in rem, and Tidewater Towing Company, Inc., in personam, Defendants.**

Civ. A. No. 235–71–N.

United States District Court,
E. D. Virginia,
Norfolk Division.
June 21, 1971.

G. W. Birkhead, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

Stuart V. Carter, Norfolk, Va., for plaintiff.

MEMORANDUM ORDER

MacKENZIE, District Judge.

This matter came on to be heard upon the motion of certain intervenors to set aside the court-ordered sale of the Tug FRANK T. SHEARMAN. The sale was held at 12:00 o'clock noon, June 8, 1971.

The record indicates that the motion to set aside the sale was lodged with the Clerk at 2:10 P.M., June 15, 1971. Local Rule No. 5(b) dealing with Sales by the United States Marshal and confirmation thereof requires:

"(b) The marshal shall file with the clerk on the day of sale his report

thereof, and it shall lie for the two days immediately thereafter for exceptions. If no exceptions are filed, the sale shall stand confirmed as of course."

In this case this report was filed June 8, 1971. No exceptions were filed in the two day period prescribed. The motion of intervenors, if treated as an exception, was not filed until seven (7) days later.

Manifestly, the motion is not timely.

 The intervenors complain that the sale was "grossly inadequate." In this regard the vessel, acknowledged to be worth at least $50,000.00 was bought in by Western Branch Diesel, Inc. for $1,000.00 which was the only bid. However, the record discloses that Western Branch Diesel, Inc., the successful bidder, was the holder of a preferred ship's mortgage against the vessel on which the balance due was $109,908.28. It could therefore bid anything to this amount without doing anything more than crediting the note. Making a higher bid would be of little significance to Western Branch Diesel, Inc. since the maker of the note, Tidewater Towing Company, Inc., was insolvent. In this situation then the bid price was not grossly inadequate.

To protect themselves, intervenors could have offered a bid to the extent of their combined wage claims (about $6,000.00) without incurring any greater liability for a cash payment than the small three percent (3%) United States Marshal's charge. As wage claims, if those of the intervenors proved bona fide, they would have been entitled to priority, even ahead of the ship's mortgage. See authorities collected in United States v. The Pomare, 92 F.Supp. 185 (D.C. Hawaii, 1950). To protect itself, Western Branch Diesel, Inc. would have had to offer a higher bid. A fund for the payment of the wage claims would then have been available.

Intervenors cannot complain of lack of notice. The decree of sale re-

quiring five (5) days' advertising (which was done) and fixing the hour of sale as 12:00 o'clock noon, June 8, 1971, was marked "seen and agreed to" by counsel for intervenors before its entry by Judge Walter E. Hoffman, United States District Judge, on June 1, 1971.

The intervenors, of course, have a priority claim to the $1,000.00 fund under the bid by Western Branch Diesel, Inc.