**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, et al.**

v.

**M/V HELLENIC SUN, et al.**

**CTI–CONTAINER LEASING CORPORATION**

v.

**M/V HELLENIC SUN, et al.**

**TRANSAMERICA ICS, INC.**

v.

**M/V HELLENIC SUN, et al.**

**Civ. A. Nos. N 83–4049, N 83–4047 and N 83–4046.**

United States District Court, D. Maryland.

March 26, 1984.

William R. Dorsey, and David McI. Williams, of Semmes, Bowen & Semmes, of Baltimore, Md., and John J. Loflin of Lord, Day & Lord, New York City, for plaintiff Morgan Guar. Trust Co.

John T. Ward, and Kieron Quinn, of Ober, Kaler, Grimes & Shriver, Baltimore, Md., for plaintiffs CTI-Container Leasing Corp. and Transamerica ICS, Inc.

Edward Gilliss, Baltimore, Md., for plaintiff Texaco.

William Ryan, of Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for plaintiffs Mobil and Itel Containers Co., Inc.

James Skeen, of Constable, Alexander, Daneker & Skeen, of Baltimore, Md., for plaintiff Seaco, Inc.

William C. Stifler, III, of Niles, Barton & Wilmer, Baltimore, Md., for plaintiff ITO Co., Inc.

Alan Van Praag, and Patrick Pike, of Poles, Tublin & Patestides, New York City and Douglas Schoettinger, of Smith, Somerville & Case, Baltimore, Md., for M/V HELLENIC SUN and Hellenic Lines, Inc., defendants.

NORTHROP, Senior District Judge.

Presently before this Court is a motion to set aside the sale of the M/V HELLENIC SUN. By Order of this Court, the vessel was sold on February 8, 1984 for a price of $4 million. The purchaser was the sole bidder, Morgan Guaranty Trust Company, as agent for the other syndicate banks. Counsel for the M/V HELLENIC SUN and her owner, Hellenic Lines, Inc., (hereinafter collectively referred to as "Hellenic"), now challenge the confirmation of the sale on the grounds that the price is unfairly inadequate.

■ Until a sale in admiralty is confirmed by a court order, it may be set aside, but extreme caution should be used in such matters. *Ghezzi v. Foss Launch & Tug Co.*, 321 F.2d 421 (9th Cir.1963); *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183 (5th Cir.1977). The rule is well settled that a judicial sale regularly made in the manner prescribed by law, upon due notice, and without fraud, unfairness, surprise or mistake will not generally be set aside. *American Trading & Production ·Corpo-*

*ration v. Connor,* 109 F.2d 871, 872 (4th Cir.1940). Confirmation of the sale will not be refused because of mere inadequacy of price, however great, unless the inadequacy is so gross as to "shock the conscience and raise the presumption of fraud, unfairness or mistake." *American Trading, id.* at 872.

■ It is also well settled that whether the price is grossly inadequate and whether confirmation should be refused are matters within the judgment and discretion of the tribunal ordering the sale. *Id.* It is the view of this Court that no issue of fraud, collusion or mistake has been raised in the present case. It was merely a matter, in this particular instance, of a potential bid which would be five hundred thousand dollars ($500,000) greater than the sale price. The HELLENIC SUN would wish this Court to say that raises a presumption of inadequacy of price to shock the conscience of this Court. And that, I might say, by the very testimony in which it was offered here today, indicates that it certainly is an empirical matter and one that would hardly be a substantial one such as the usual case involving the setting aside of a confirmation or lack of confirmation of a sale when some bidder walks in at the last moment and is willing to state a *substantial* price over that of the knocked-down price that has recently been acted upon by the auctioneer. Such is not the case here, in any event.

■ In the Court's examination of the price, facial inadequacy is not necessarily determinative. For example, in *Golden v. Oil Screw Frank T. Sherman,* 455 F.2d 133 (4th Cir.1972), *cert. denied,* 408 U.S. 924, 92 S.Ct. 2495, 33 L.Ed.2d 335 (1972), the Fourth Circuit affirmed the confirmation of a $1,000 price, even though the tug's value was far in excess of that price. This low price was found *not* to be unfair in the light of all of the circumstances.

■ As in *Oil Screw,* this Court must take into account all of the surrounding circumstances. One consideration is whether a resale would produce a higher price. There is absolutely no assurance that such a resale as contemplated by the Hellenic people here would produce any higher price. If it were allowed to go forward, as I just remarked heretofore, the sale put forward by these people under the circumstances is one that hardly can be said to be of such a caliber as those which would warrant a setting aside of a sale having taken place in this instance. Where there is no certainty that the resale will produce such a higher price, the Court is justified in confirming the sale. *Wong Shing v. M/V Mardina Trader,* 564 F.2d 1183 (5th Cir.1977). In the instant case, Morgan contends there is no reason to expect that a resale would bring a higher price. This Court agrees that there is a lack of certainty concerning the potential price on resale. Thus, confirmation of the sale is most likely warranted.

■ Hellenic contends, however, that the price is grossly inadequate and should be set aside because this Court has a duty to see that the property brings "something like its true value." *Ballentyne v. Smith,* 205 U.S. 285, 289, 27 S.Ct. 527, 528, 51 L.Ed. 803 (1907). It should be noted that in *Ballentyne,* upon which Hellenic relies, the property was worth seven times more than the bid. In contrast, the value of the property in this case is approximately twice the amount of the bid, if it was true that the value was $8 million, which is questionable. Mr. Mollard testified here that his reckoning of the sum of 8 million was way off in this particular instance. Taking a look at what's occurring elsewhere in the shipping industry worldwide, the Court could not help but agree that it is doubtful under the circumstances that any bid over that which was the ultimate bid of $4 million in this instance would be forthcoming.

Various cases do exist where confirmation was refused because of gross disparity between the value of the vessel and the auction price. However, in the case where confirmation of the sale was refused, it was generally true that upset bids had been filed which substantially exceeded the sale price. There is no such instance here.

Those cases may be best illustrated by *American Tramp Shipping v. Coal Export Corporation*, 276 F.2d 570 (4th Cir. 1960). However, even in the presence of higher upset bids, confirmation may be ordered. For example, in *Wong Shing*, the circuit court confirmed the district court's confirmation of the sale at auction to the highest bidder for $610,000 despite evidence of a potential upset bid of more than twice that much and a fair market value *three times* greater.

Here, no upset bid has been filed and no clear showing has been made that a potential bid may be later obtained, and so this Court finds that under the circumstances the four-million-dollar price does not shock its conscience and is not grossly inadequate. Thus, the sale will be confirmed. To do otherwise would prejudice lienholders and the purchaser. Despite the testimony offered here of the small amount that would be necessary to keep this vessel in some sort of shape until another sale can be worked out, this Court feels, as has been argued by the bank, that any further delay of any further proceedings in this matter would probably bring a lower price than that which was obtained.

There was adequate publicity, quite a great deal of it, as has been testified to here; no one questions the adequacy of the broker in this instance and his honesty in working out this matter under the circumstances. While it has been stated that some time should elapse between the notice of the sale and the actual sale to permit people to come in and work something out, testimony to the contrary has been offered and that would seem to be the case in this particular instance, which would warrant, again, the conclusion of this Court that the sale was an adequate one because of the market and its rapid disintegration at this time. That it will be turned around at some future date might be so, but that is a hope whose time has yet to come. To set aside the sale in this instance would not seem practical, reasonable or just to those people who relied upon the sale, namely the creditors and the lienholders, as well as the purchaser.

The sale will be confirmed. To do otherwise would prejudice lienholders and the purchaser. Moreover, there should be a certainty to judicial sales so long as they are fair. Accordingly, the sale of the M/V HELLENIC SUN for $4 million will be confirmed.