**ERIC CHRISTIAN, SR., as Administrator of THE ESTATES OF JAMES GEORGE SEWER, et al., Plaintiff**

**v.**

**ALL PERSONS CLAIMING ANY RIGHT, TITLE, OR INTEREST IN ALL PROPERTIES KNOWN AND DESCRIBED AS:**

**ALL PROPERTIES KNOW AS NEWFOUND BAY INCLUDING BUT NOT LIMITED TO 9A, 9D, AND 9G NEWFOUND BAY, NEWFOUND BAY NO. 1, NEWFOUND BAY NO. 2 EXCEPTING ONLY 9C NEWFOUND BAY EAST END QUARTER, ST. JOHN, V.I.**

**BLACK ROCK, NO. 6R ESTATE HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I.**

**JOHN GEORGE, PARCEL OF ROBERT AVISION, NO. 6Q ESTATE HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I.**

**CHRISTIAN HUGHES, LONGBAY NO. 2, EAST END QUARTER, ST. JOHN, V.I.**

**7A HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I., Defendants**

Probate No. 398/1980

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 11, 1997

279

Karl Percell, Esq., St. Thomas, U.S.V.I., *for Plaintiff*

Lolita DePaiewonsky, Esq., St. Croix, U.S.V.I., *for Estelle Sewer, Rudolph Sewer, Emelda Sewer, Eric Sewer, Ethlyn Sewer, and Moline Sewer*

Sharon Eichenauer, Esq., St. John, U.S.V.I., *for Irvin Sewer*

Desmond Maynard, Esq., St. Thomas, U.S.V.I., *for the Heirs of Amos Sullivan*

Nancy D'Anna, Esq., St. John, U.S.V.I., *for Wilmar Corporation and the Law Office of Nancy D'Anna*

Maria Tankenson Hodge, Esq., (Hodge & Francois P.C.), St. Thomas, U.S.V.I., *for Wilmar Corporation and Hodge & Francois*

Jewel Cooper, Esq., (Tom Bolt & Associates), St. Thomas, U.S.V.I., *for Newfound Management Corporation, General Partner of Newfound Limited Partnership*

Alan Garber, Esq., and Clair A. Carlson, Esq., (Martin & Martin), Boston, MA, *for Newfound Management Corporation, General Partner of Newfound Limited Partnership*

Mario A. Bryan, Esq., St. Thomas, U.S.V.I., *for Estate of Bernard Williams*

Brotman, *Judge*, Sitting by Designation

## OPINION ON MOTION TO CONFIRM SALE

Presently before the court is Maria Tankenson Hodge, Esq. and Nancy D'Anna, Esq.'s Motion for Order Confirming Sale. For the reasons set forth below, the court will grant the motion.

## I. Background

On May 7, 1996, the United States Marshal for the District of the Virgin Islands conducted a sale of property of four acres of land on the East End of St. John, U.S. Virgin Islands. At the time of the sale (and indeed, to date), the subject property was governed by a consent judgment entered in the above-captioned matter on June 2, 1994. Pursuant to the consent judgment, the court entered an Order

280

Fixing Lien for Legal Fees on October 14, 1994 in favor of Maria Tankenson Hodge and Nancy D'Anna. According to that order, a lien in the amount of $111,765.84 applied to the interest in several parcels of property, including the subject property: *"Parcel 9d Newfound Bay, East End Quarter, St. John, Virgin Islands, consisting of 4 acres"* in its entirety. That sum was due, owing, and unpaid when attorneys Hodge and D'Anna caused a Writ of Execution to be issued, directing the United States Marshal to sell the property to the highest bidder and to apply the proceeds of such sale to the outstanding sums owed to Hodge and D'Anna.

Prior to the marshal's sale, the matter was noticed to the public pursuant to V.I. Code tit. 5, section 484, which requires publication of any marshal's sale in any paper of general circulation in the Virgin Islands once per week for four consecutive weeks immediately preceding the sale. At the sale on May 7, 1996, the property was sold to Maria Tankenson Hodge and Nancy D'Anna, the highest bidders for the property, for the price of $128,000.00. Hodge and D'Anna now request that the court confirm the sale so that they may take title to and possession of the property.

## II. The Law Governing Confirmation of Marshal's Sales

■ Whether a marshal's sale shall be confirmed is largely a matter of sound judicial discretion. *United States v. Lamb*, 890 F. Supp. 968, 970 (D. Kan. 1995) (quoting *United States v. Heasley*, 283 F.2d 422, 426 (8th Cir. 1960)). Courts have refused to confirm a sale, for example, where the price bid for the property is too low. *Lamb*, 890 F. Supp. at 970 n.5 (quoting *Ballentyne v. Smith*, 205 U.S. 285, 290, 51 L. Ed. 803, 27 S. Ct. 527 (1907)). Whether the price is insufficient, however, is also within the discretion of the court. *First City Nat'l Bank of Houston v. Brazosport Towing Co.*, 585 F. Supp. 115, 117 (S.D. Tex. 1984) (citing *American Tramp Ship. & Dev. Corp. v. Coal Export Corp.*, 276 F.2d 570, 571 (4th Cir. 1960)). *Cf. Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1188-89 (5th Cir. 1977) (confirming sale despite evidence of potential upset bid more than twice amount of sale and fair market value three times greater because of undocumented property value, no actual upset bid, and only "evasive" testimony regarding possible upset bids).

■ As a general rule, courts confirm sales made to the highest bidder at fairly conducted auctions. *Munro Drydock, Inc. v. M/V Heron*, 585 F.2d 13, 14 (1st Cir. 1978). This not only lends confidence in judicial sales, but also protects the interests of debtors and creditors. *First City*, 585 F. Supp. at 117. Indeed, an order confirming the sale of property sold on execution must be obtained before the purchaser can have title or possession. *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 7 V.I. 275 (D.V.I. 1969). As a benchmark, then, unless there is certainty that a resale will produce a higher price, the court should confirm the sale. *Wong Shing*, 564 F.2d at 1189. "To do otherwise would prejudice [both] the lien holder[] who must continue to go unpaid[]. . . [and] the purchaser." *Id.* at 1189; *see also First City*, 585 F. Supp. at 118 (lien holders expect public sale to be fair in every respect). Put another way, if the alleged error causes no prejudice, the court should confirm the marshal's sale. *See United States v. Kulpa*, No. CIV. A. 92-3079, 1993 WL 409842, at *1 (E.D. Pa. Sept. 28, 1993).

### III. The Parties' Motion for Order Confirming Sale

■ In the case at hand, the court finds that no improprieties or irregularities tainted the sale of the property at issue. The sale was duly and properly noticed to the public.[1] Several bidders attended the sale, including the defendant, Irvin Sewer. The United States Marshal conducted the sale—that is, he both opened and closed the bidding. At the onset of the sale, the marshal identified the parcel as it was described in the court's judgment. At the close of the bidding, Maria Tankenson Hodge and Nancy D'Anna remained as the highest bidders; thus, the marshal sold to Hodge and D'Anna the subject property, subject to the court's confirmation and approval of the sale. *See generally* Return of Judicial Sale. Absent evidence of procedural impropriety, then, the court must find that the sale was conducted in a fair manner.

Arguing against confirmation, Sewer contends that the value of the St. John property far exceeds the amount obtained at the

---

[1] The court notes that in addition to any newspaper publication effected by the marshal, public notice of the foreclosure seizure and sale was also effected by recording the writ of execution at the Office of the Recorder of Deeds in the Division of St. Thomas and St. John.

marshal's sale. However, Sewer offers no affidavits to substantiate this allegation. Thus, the court cannot determine with certainty that a resale would generate a higher price for the property. Without such proof, without evidence of fraud, collusion or gross inadequacy in price, and in light of the marshal's compliance with procedural formalities, the court will confirm the sale.[2] *Cf. Puget Sound Prod. Credit Ass'n v. Oil Screw Johnny A*, 819 F.2d 242, 243-44 (9th Cir. 1987); *Munro Drydock*, 585 F.2d at 14; *Wong Shing*, 564 F.2d at 1188-89.[3] Such confirmation also conforms to the corresponding Virgin Islands law, V.I. Code Ann. tit. 5, § 489(2). See V.I. Code Ann. tit. 5, § 489(2) (court must enter order confirming sale unless it appears there were substantial irregularities in the sale).

The court will enter an appropriate order.

DATED this 11th day of April, 1997.

## ORDER ON MOTION TO CONFIRM SALE

THIS MATTER having come before the court on Maria Tankenson Hodge, Esq. and Nancy D'Anna, Esq.'s Motion for Order Confirming Sale;

The court having heard oral argument and having reviewed the record and the submissions of the parties;

For the reasons set forth in the court's opinion of this date;

IT IS this 11th day of April, 1997 HEREBY

ORDERED that the sale by the United States Marshal on May 7, 1996 of certain real property, described in the Consent Judgment and otherwise known as Parcel 9D Newfound Bay, East End

---

[2] In a separately pending motion before the court, Sewer seeks to set aside the marshal's sale, arguing, *inter alia*, that failure to perform certain terms of the consent agreement requires the court to revoke the decree and set aside the marshal's sale conducted pursuant to it. This argument relates to the present motion to the extent that Sewer opposes confirmation of the sale because he contends that performance of specific terms of the agreement would have enhanced the value of the property and prompted higher bids at the marshal's sale. For purposes of the present motion, the court rejects this argument in the absence of supporting proof.

[3] The court notes that the judgment debtor maintains the right to redeem the property at issue for a period of twelve months from the date of the order of confirmation. V.I. Code tit. 5, § 496. To so proceed, Irvin Sewer or his successor in interest must pay the amount of the purchase money, with interest thereon at the legal rate per annum from the date of the sale, together with the amount of any taxes which the purchasers paid on the property after the purchase. *See id.*

Quarter, St. John, Virgin Islands, to Maria Tankenson Hodge, Esq. and Nancy D'Anna, Esq. for the sum of $128,000 is APPROVED and CONFIRMED.