**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**HOTEL ROYAL DANE, ET AL., Defendants**

Civil No. 162-1973

District Court of the Virgin Islands

Div. of St. Croix

August 5, 1975

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, of counsel), Christiansted, St. Croix, V.I., *for defendant*

ISHERWOOD, COLIANNI, ALKON & BARNARD, ESQS. (JAMES H. ISHERWOOD, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Anthony J. Ayer, purchaser of the Hotel Royal Dane, moves this Court to declare as necessary expenses the costs for the extermination of termites and the repair of the roof of the subject hotel. Movant predicates this request on 5 V.I.C. § 499, wherein the Court is granted authority to restrain the commission of waste on the property on the application of the purchaser or judgment creditor. Im-

plicit within this provision, movant argues, is the fact that the purchaser, entitled to possession of the property during the redemptionary period, may become liable in waste for any damage occurring to the property during that time.

■ It is clear that one in possession of real property under a limited or temporary tenancy is generally bound to make all ordinary, reasonable and necessary repairs to preserve the property and prevent its going to decay and waste. See Stovall v. Edwards, 151 P.2d 385, 386 (Okla. 1944). This doctrine, however, seems to have been vitiated somewhat by the language of 5 V.I.C. § 499, which reads in pertinent part:

> It shall not be deemed waste for the person in possession of the property at the time of the sale or entitled to possession afterwards during the period allowed for redemption to continue to use it in the same manner in which it was previously used . . . .

■ The nature of use prior to the time of sale was essentially nonuse. Section 499, at least on its face, appears to permit the purchaser to continue holding the property in this state of nonuse during the redemptionary period without liability. So, movant's claim that he must make necessary repairs to escape liability for waste is misplaced.

The phraseology of 5 V.I.C. § 496 also supports this Court's position herein. Section 496 provides in part that:

> [t]he judgment debtor or his successor in interest may redeem the property at any time prior to the confirmation of sale on paying the amount of the purchase money, . . . together with the amount of any taxes which the purchaser may have paid thereon after the purchase . . . .

Nowhere in this provision is it mentioned that the judgment debtor must pay, as a condition to his redemption, costs for structural repairs and maintenance on the subject building. Perhaps the absence of this matter was intentional,

perhaps legislative oversight. But regardless of the reason for its absence, this Court declines to co-opt a legislative function and read such a provision into the law of redemption.

## ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby ORDERED:

That purchaser Anthony Ayer's motion to declare as necessary expenses the costs for the extermination of termites and the repairs of the roof of Hotel Royal Dane be and is DENIED.