**ALICIA PAOLOZZI, Plaintiff**

v.

**ELIZABETH BERETTA, and COMMISSIONER OF FINANCE OF THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 76/450

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 29, 1979

EDITH L. BORNN, ESQ. (BORNN & BRUNO), St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ. (PALLME, ANDUZE, MITCHELL & DOW), St. Thomas, V.I., *for defendant Beretta*

DANIEL A. ISAACSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government of the Virgin Islands*

PETERSEN, *Judge*

## MEMORANDUM OPINION

In this action the court considers the procedures for redemption of real property subjected to conditional sale for tax arrearage, as provided by subchapter IV of Chapter 89, Title 33 of the Virgin Islands Code. Plaintiff prays for injunctive relief by this court, seeking the return to her of title to a parcel of land purchased at tax auction by codefendant Elizabeth Beretta. Plaintiff alleges that she sought redemption of that property in full compliance with local redemption procedures. The Commissioner of Finance of the Government of the Virgin Islands (hereinafter referred to as the "Department," or "Finance") is joined as a codefendant as a result of its active participation as an inter-

mediary, in the redemption process. Codefendant Beretta, the purchaser, contends that plaintiff failed to comply with the statutory redemption requirements by failing to tender full payment within the time provided, thus permitting her tax sale Certificate of Purchase to ripen into absolute title for the property in question.

The essential facts of this case are not in dispute. Plaintiff Paolozzi became the owner of Parcel No. 10-1-17 Estate Peterborg, 12 Great Northside Quarter, St. Thomas, by deed from Sidney Smith in January 1973. This conveyance, however, was not recorded by Paolozzi until September of 1976. On or about May 28, 1975, the Department of Finance conducted a sale of that Parcel for delinquent real property taxes for the years 1972, 1973 and 1974. The premises were bid in by and sold to codefendant Beretta for the sum of $1,275.00; a Certificate of Purchase was issued June 2, 1975, to Beretta by the Commissioner of Finance pursuant to 33 V.I.C. § 2551 and recorded with the Recorder of Deeds on June 9, 1975. The Certificate, on its face, advises that the purchase is "subject to redemption pursuant to Title 33, Section 2581 of the Virgin Islands Code." The period for redemption under the statute is one year from the date of sale.

By letter dated April 8, 1976, the Department of Finance attempted to notify the owner of record, Sidney Smith, of the payment required to effect redemption. In this form letter, the $390.54 arrearage was broken down into an amount for the years 1972/1973 and similar sums for the year 1974, totalling $319.41, a recording fee of $1.00; and an amount referred to as "Interest on Purchaser Price" of $70.13. Below these figures the following statement appeared:

In accordance with Title 33, § 2294 of the Virgin Islands Code, interest is computed at the rate of one-half percent per month beginning September 1, 1973. A portion of any month is considered

a full month. The sum shown as due should be forwarded as soon as possible to this office and the attached copy of this letter returned. (Underlinings represent form blanks, and not emphasis.)

This letter was returned to the Department of Finance undelivered, and was retained there as part of the Department's records.

On May 23, 1976, just less than a week before the expiration of the redemption period, plaintiff, through her attorney, made inquiries to the Department of Finance concerning redemption of the property in question, and in particular, as to the amount required to effect redemption. The Department referred to the April 8th letter on file and advised plaintiff accordingly. The following day, May 24, 1976, two checks were submitted to the Department of Finance, on behalf of the plaintiff, in a total amount of $389.54 or the amount stated to be due in the Department's April 8th letter, minus the $1.00 recording fee.

Codefendant Beretta received a call from the Department of Finance on May 25th informing her that redemption was in process and that a check would be ready for her in four to five days. The check was available for disbursement on or about June 2nd, and Beretta was contacted at that time by Finance and requested to appear to receive same.[1] Beretta did not retrieve the check. Again on or about June 8th Finance contacted her at which time she informed the Department that she would not accept the Government's check and that she would not surrender her tax sale Certificate of Purchase.

On September 1, 1976, some three months later, counsel for the plaintiff received a letter from the Commissioner of Finance rejecting the payment made on plaintiff's behalf to the Department for insufficiency of tender. An attempt

---

[1] The Government's check was drawn in the amount of $1,345.13, representing the $1,275.00 purchase price and $70.13 in interest as cited in the Department's letter.

was subsequently made by plaintiff's counsel on September 2, 1976, to tender directly to Beretta her purchase money plus interest accruing to that date of tender.

The issue presented by these uncontroverted facts is whether plaintiff, Alicia Paolozzi, validly exercised her right of redemption in accordance with Virgin Islands law. The case comes before the court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this court by 5 V.I.C. App. IV, Rule 7. There being no genuine issue of material fact remaining for determination, the case is ripe for summary judgment and the court will resolve the issue before it as a matter of law. United States of America v. St. Thomas Beach Resorts, Inc., 11 V.I. 79 (D.V.I. 1974), Kress, Dunlop & Lane, Ltd. v. Downing, 4 V.I. 227 (D.V.I. 1960). The court notes for the record, that codefendant Beretta, on motion to enlarge her application for summary judgment interjected an additional issue into the case on the basis of 28 V.I.C. § 124, a Virgin Islands Recording Statute.[2] It is, however, unnecessary to reach this issue as Title 33, subchapter IV of Chapter 89 is dispositive of the case.

Plaintiff in this action made two separate attempts at redemption. The first was with the aid of the Department of Finance and the second, several months later was made to codefendant Beretta directly. The controlling law, with respect to plaintiff's first redemption attempt, is found at

---

[2] 28 V.I.C. § 124 entitled "Unrecorded conveyance void as to subsequent innocent purchaser," provides:

"Every conveyance of real property hereafter made within the Virgin Islands which is not filed for record shall be void against any subsequent innocent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance is first duly recorded."

Because Paolozzi failed to record her deed until after Beretta had recorded her tax sale Certificate of Purchase, by operation of the statute, Beretta maintains that the Smith-Paolozzi conveyance was void as against her and Paolozzi, in effect, was without an interest to redeem.

33 V.I.C. § 2581. The statute, entitled "Redemption upon payment to the purchaser," in pertinent part, reads:

"The owner of any real property sold for taxes, his heirs or assigns, or any person having a right or interest therein, may redeem the same within one year from date of the certificate of purchase by paying to the purchaser, his heirs or assigns, the full amount of the purchase money, with annual interest at the rate of six percent, together with all costs incurred and taxes due. Upon payment of the said amounts, the redemptioner shall be entitled to receive from the purchaser, his heirs or assigns, the said certificate of purchase upon which shall be duly indorsed before a notary public the receipt of the redemption money, and a fee of fifty cents shall be paid by the redemptioner to the notary public. The receipt duly indorsed upon the certificate of purchase shall operate as a release of all claim to title to the real property sold under or by virtue of any such sale for nonpayment of taxes. And the redemptioner may have such release duly entered in the real property register against the certificate of purchase upon payment to the recorder of deeds the fee of $1.00 . . . ."

There is no question that the amount which plaintiff paid over to the Department of Finance on May 24, 1976, was less than the "full amount" contemplated by the statute, as a result of reliance on the interest figure cited in the Department's April 8th letter. That figure of $70.13, referred to in the letter as "Interest on Purchase Price," represented interest accumulating through April 30, 1976.[3]

By May 24, 1976, however, when payment was made by the plaintiff for redemption, interest for the month of May had become due, and consequently, interest on the purchase price of $1,275.00 computed at a daily rate of 6% had increased to $75.66. The sum tendered by the plaintiff on that date did not include May's interest and was therefore short in the amount of $5.53, the difference between $75.66 and $70.13. The check prepared by the Govern-

---

[3] Memorandum of codefendant Government on pending Motion for Summary Judgment at page 1.

ment for disbursement to codefendant Beretta was likewise deficient by $5.53.

It is equally clear, with respect to plaintiff's first attempted redemption, that tender was not made directly to purchaser Beretta in accordance with statutory procedure. Instead, plaintiff elected to follow what she characterized as customary procedure, by employing the Department of Finance as an intermediary in the redemption process.

There being no authority for this in the language of the statute, plaintiff, in support of this approach to redemption, claims reliance on the decision of Washburn v. Daniel, et al., Civ. No. 225/1972 (D.V.I., Div. St. T. & St. J., Oct. 4, 1973), which recognized a role of the Department of Finance in the redemption process, attributable to what is deemed to be the "almost invariable custom in these matters."

However, in a more recent case, Leguillou v. Engerman, et al., Civ. No. 73/147 (D.V.I., Div. St. T. & St. J., July 18, 1977), the same court noted and advised ". . . that redemption of properties under subchapter IV, Chapter 89 of Title 33 is no part of the function of government. Such gratuitous acts on the Government's part must cease." The court further warned that ". . . except as provided in Section 2582, the Government must hereafter decline to receive money tendered to it by those who would redeem property sold at tax sales."

█ To the extent that this prospective language of Leguillou conflicts with the role of the Government in redemption acknowledged in Washburn, this court finds the position expressed in Leguillou to be the correct one, consistent with our redemption statute. To effect redemption under § 2581 of Title 33 V.I.C. tender must be made directly to the purchaser and not to the Department of Finance.

■ On the basis of the foregoing, the court concludes that plaintiff failed to comply with statutory redemption procedures in her first redemption attempt in two important respects. Plaintiff failed to tender the full amount as is required by law and she failed to tender directly to the purchaser as is also required by law.

■ On September 2, 1976, upon notice of rejection of her first redemption attempt, plaintiff, through counsel, made a second redemption offer directly to codefendant Beretta. This full tender second attempt fares no better than plaintiff's first under statutory analysis. Title 33 V.I.C § 2582[4] describes the applicable alternative procedure to be utilized where tender is once refused. This express statutory provision requires the use of witnesses and the recorder of deeds, in order to execute tender where conventional tender is frustrated. Plaintiff's second redemption attempt was neither timely under the one year redemption period requirement of § 2581, nor did it purport to attend to the specific provisions of § 2582. Accordingly, the court must conclude that this attempt at redemption was wholly ineffectual and in no way altered the property rights of the parties hereto.

■ The right of redemption at issue in this case is exclusively a statutory one. Keely v. Sanders, 99 U.S. 441

---

[4] 33 V.I.C. § 2582 is entitled "Redemption by payment to the recorder of deeds." It states:

"If the purchaser, his heirs or assigns refuses to accept the tender of redemption money, the person making the tender shall repeat it in the presence of at least two witnesses. If the tender is again refused, the said person and witnesses shall make oath before the recorder of deeds who recorded the certificate of attachment, that due tender of the lawful amount of redemption money has been made and refused, whereupon the recorder shall compute from the proper records the lawful amount of redemption money due, in accordance with the provisions of this subchapter and upon receipt of the same shall issue to the redemptioner a certificate of redemption. The payment of such redemption money to the recorder shall restore to said former owner, his heirs, or assigns, all the right, title, interest and estate in and to said property, held by said former owner before the sale for nonpayment of taxes."

at 446, 25 L.Ed 327 (1879). Accordingly, the right must be claimed in the time, manner, and upon the conditions set forth in the statute creating it. Word v. Grigsby, 174 S.W.2d 439 (Ark. 1943); Smith v. Anderson, 433 P.2d 183 (Cal. 1967).

■ A redemptioner must exercise this conditional right with at least substantial statutory compliance within the allowable time, Spachman v. Overton, 306 N.E.2d 743 (Ill. App. 1974); Muir v. Mierwin, 49 N.E.2d 265 at 267 (Ill. App. 1943), or at the expiration of the prescribed period, his rights and the rights of those claiming under him terminate. Hilton v. Meier, 100 N.E. 962 (Ill. 1913).

The court finds that plaintiff Paolozzi failed to exercise her right of redemption in accordance with the procedure set forth in subchapter IV of Chapter 89, Title 33 of the Virgin Islands Code and further finds that as a result of this statutory noncompliance, plaintiff's conditional right of redemption is lost. The court must conclude that redemption of the property in question was never effectuated and that accordingly, plaintiff is not entitled to injunctive relief.

The court notes that this judgment in no way affects the plaintiff's rights to redress against the Government. A proper showing by the plaintiff in a trial on the merits might well give rise to an award of money damages for lost title against the Government. The court's decision today does, however, terminate plaintiff's legal interest in the parcel of land situated at 10-1-17, Estate Peterborg, 12 Great Northside Quarter, St. Thomas, and executes a vestment of title to same in codefendant Beretta.

For the reasons discussed above, and good cause appearing therefore, an order shall issue granting summary judgment in favor of the defendant Elizabeth Beretta.

The court having carefully considered the pleadings, depositions and affidavits on file and the controlling statutory law, it is

ORDERED, ADJUDGED AND DECREED that plaintiff's motion for summary judgment be and the same hereby is denied; and it is

FURTHER ORDERED that defendant's motion for summary judgment be and the same hereby is granted.