

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2005

# Bank of Nova Scotia v. Family Broadcasting

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bank of Nova Scotia v. Family Broadcasting" (2005). *2005 Decisions.* Paper 1583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 03-4573

———

BANK OF NOVA SCOTIA

IKON OFFICE SOLUTIONS (Intervenor in D.C.)

v.

FAMILY BROADCASTING, INC.;
G. LUZ A. JAMES; ASTA K. JAMES,
                                        Appellants

———

On Appeal from the United States District Court
of the Virgin Islands, Division of St. Thomas Appellate Division
(D.C. Civil No. 00-cv-00052)
Appellate Judges:  Hon. Raymond L. Finch, Hon. Thomas K. Moore,
and Hon. Rhys S. Hodge

———

Argued December 13, 2004

Before:  SLOVITER, FUENTES, and GREENBERG, Circuit Judges

(Filed:   January 5, 2005)

———

G. Luz A. James (Argued)
Christiansted, St. Croix
U.S. Virgin Islands 00822

      Attorney for Appellant

Francis J. D'Eramo (Argued)
Nichols Newman Logan & D'Eramo, P.C.
Christiansted, St. Croix
U.S. Virgin Islands

Attorney for Appellee

OPINION

SLOVITER, Circuit Judge.

Appellants G. Luz James and Asta James (hereafter "James") defaulted on a loan from the Bank of Nova Scotia ("Bank"). The Bank sued to collect on the debt and to foreclose on the mortgage property. James, despite having been personally served with process, failed to answer, and the Territorial Court of the United States Virgin Islands entered summary judgment in favor of the Bank and a judgment of foreclosure on all of the properties on April 19, 1995. The Marshal advertised the sale but James did not object and the Territorial Court then entered an Order Confirming Sale and Deficiency Judgment against James in the amount of $4,509.67 on January 8, 1998.

On October 15, 1998, James filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the default judgment and Order Confirming Sale. The Territorial Court denied the motion following a hearing. James appealed to the Appellate Division of the District Court of the Virgin Islands, which denied his appeal. James appeals.[1] In reviewing the Appellate Division's orders, this court must review the Territorial Court's

_____

[1] The District Court had jurisdiction pursuant to the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645, and 4 V.I. Code Ann. § 33. This court has jurisdiction under 28 U.S.C. §§ 1291, 1294(3), and 48 U.S.C. § 1613a(c).

2

determination using the same standard of review as applied by the Appellate Division. Tyler v. Armstrong, 365 F.3d 204, 208 (3d Cir. 2004). Thus, we review the Territorial Court's denial of the Rule 60(b) motion for abuse of discretion. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).

After consideration of the arguments and the record, we cannot find that the court abused its discretion in denying the Rule 60(b) motion for reconsideration. James argues that the Territorial Court erred in holding that the statutory period of redemption was six months whereas, according to James, it was twelve months, and therefore timely. The Territorial Court did not err in holding that the redemption period had passed.

There are two relevant provisions in the Virgin Islands Code. The generally applicable provision, 5 V.I. Code Ann. § 496, provides:

> A judgment debtor or his successor in interest may redeem the property at any time prior to the confirmation of sale on paying the amount of the purchase money, with interest at the legal rate per annum thereon from the date of sale, together with the amount of any taxes which the purchaser may have paid thereon after the purchase. If the judgment debtor does not redeem until after the confirmation of the sale, thereafter he shall redeem within twelve months from such order of confirmation and not otherwise.

Another section, 28 V.I.Code Ann. § 535, provides for a six month period of redemption when the sale follows a judgment or foreclosure. That section, in pertinent part, provides that:

> A judgment of foreclosure shall not have the effect of barring the equity of redemption, and real property sold on execution

3

issued upon such judgment may be redeemed . . . under sections 492 through 500 of Title 5 except that, notwithstanding the provisions of section 496 of Title 5, the judgment debtor or his successor in interest, on paying the amount of the purchase money, with interest at the legal rate per annum thereon from the date of sale, together with the amount of any taxes which the purchaser may have paid thereon after purchase, shall redeem within six months after the order of confirmation of sale. . . .

28 V.I. Code Ann. § 535.

In short, section 535, which covers the situation here, clearly states that notwithstanding the twelve month redemption period provided in section 496, debtors attempting to redeem after a judgment of foreclosure only have a redemption period of six months. James does not point to any record evidence showing that he attempted to redeem the properties within the six month statutory period. Instead, he argues that he had twelve months to redeem the property. As noted above, this is clearly incorrect. Therefore, because the court applied the correct statutory redemption period and because James failed to redeem during this period, there is no merit to James' argument that the court erred in denying his Rule 60(b) motion on that ground.

James next argues that the trial court erred in denying his motion for reconsideration of the Order Confirming the Sale when he presented evidence that the value of the property far exceeded the sale price and that the amount owed at the time of the Marshal's sale was significantly less than the amount for which judgment was granted. This appears to be a claim under Rule 60(b) of either mistake or newly

4

discovered evidence. We reject the claim on both grounds. James sought to introduce a hand-written bank book which the Territorial Court found would have no probative value because no affidavit or other evidence of record laid a foundation for its submission into evidence. Moreover, the bank book only reflected payments on the $500,000 debt and not the second $100,000 note. Nor was this newly discovered evidence, as it was in James' possession throughout.

Finally, James argues that the Marshal sold the property for a grossly inadequate price and specifically for a price far below what James claims was the appraised value of $1.5 million. He bases this on a 1990 appraisal, which was not introduced in evidence. Nor is there any competent evidence or affidavit that supports the assertion of value at the time of the sale.

Under the Restatement, Third of Property: Mortgages § 8.3, with respect to the adequacy of a foreclosure sale price, the term "gross inadequacy" is clarified to some extent by the Comment which provides that a court "is warranted in invalidating a sale where the price is less than 20 percent of fair market value and, absent other foreclosure defects, is usually not warranted in invalidating a sale that yields in excess of that amount." Restatement (Third) of Prop.: Mortgages § 8.3 cmt. b. (1997). The Comment further states that the trial court's judgment in matters of price adequacy is entitled to particular deference but notes that in "extreme cases a price may be so low (typically well under 20% of fair market value) that it would be an abuse of discretion for the court to

refuse to invalidate it." Id.

In this case, as the Bank states, "the foreclosure sale exceeded 30% of the amount of Appellants' alleged appraisal values, which is significantly more than the 20% required for confirmation under the Restatement." Br. of Appellee at 14. Pursuant to 1 V.I. Code Ann. § 4, and in the absence of local laws to the contrary, the Restatements of Law are the rule of decision in the courts of the Virgin Islands. Accordingly, the Restatement provision cited above is dispositive of this issue. The sale price of these properties was more than 30% of the appraisal value and as such, we cannot say the price was inadequate.

We recognize that James firmly believes that the price received from the sale of the property was not adequate, but we can find no reason to disagree with the decision of the Appellate Division of the District Court of the Virgin Islands that the Territorial Court did not abuse its discretion. Its decision will be affirmed.