**DEHDAN MILLER and MILLER DEVELOPMENT CORPORATION,**
**Appellants/Intervenors**
**v.**
**LINDA K. SORENSON and LAWRENCE ALLEN GLENN, Trustees of**
**the LINDA K. SORENSON TRUST DATED JUNE 18, 2002,**
**Appellees/Plaintiffs-Respondents, LYNN RONCHETTO,**
**Appellee/Defendant-Respondent**

S. Ct. Civil No. 2016-0046

Supreme Court of the Virgin Islands

August 11, 2017

DEHDAN MILLER, St. Thomas, USVI, *Pro se.*

GEORGE MARSHALL MILLER, ESQ., St. Thomas, USVI, *Attorney for Appellant Miller Development Corp.*

NEIL D. GOLDMAN, ESQ., Alexandria, VA, *Attorney for Appellee Lynn Ronchetto.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

### (August 11, 2017)

SWAN, *Associate Justice.* Appellants, Dehdan Miller and Miller Development Corporation, request that we reverse the trial court's judgment, which adjudged that Appellee Lynn Ronchetto was entitled to a certificate of redemption for parcel No. 25 Estate Chocolate Hole, St. John, U.S.V.I. ("Property"). Appellants argue that Ronchetto failed to meet the requirements to exercise her statutory right of redemption following a judgment of foreclosure and that the trial court erred in finding that Ronchetto had substantially complied with the pertinent statutory provision and, therefore, was entitled to have her actions considered as complying with V.I. CODE ANN. tit. 28, § 535. The certificate of redemption was issued on October 5, 2016. Because the statutory language does not preclude other considerations under extraordinary circumstances in determining whether a judgment debtor complied with section 535 of title 28 in exercising the judgment debtor's statutory right of redemption following a judgment of foreclosure, we affirm the trial court's August 24, 2016 order.

## I. FACTS AND PROCEDURAL HISTORY

Ronchetto was the debtor of a mortgage on the Property (i.e., the mortgagor), which was foreclosed upon by the mortgagee.[1] By an order entered in the Superior Court of the Virgin Islands on December 8, 2015, the marshal's sale of this Property to purchasers Dehdan Miller and Miller

---

[1] A mortgagee is "one to whom property is mortgaged; the mortgage creditor, or lender. — Also termed mortgage-holder." BLACK'S LAW DICTIONARY 1034 (8th ed. 2004).

Development Corporation was confirmed, which simultaneously gave the purchasers the right

> to possession, custody and control of the Property during the six (6) month redemption period and, if the Property is not timely redeemed in accordance with the provisions of 5 V.I.C. 492-498 and [28] V.I.C. 535, to a deed from the Marshal of this Court, pursuant to 5 V.I.C. 497.

The parties agree with the facts that resulted in this confirmation order. Pursuant to 28 V.I.C. § 535, a mortgagor[2] has six months after the entry of the order confirming the sale in which the mortgagor may redeem a foreclosed property. Here, Ronchetto had until close of business June 8, 2016, to tender the necessary payment in order to exercise her statutory right of redemption. It is Ronchetto's efforts to redeem the Property on June 6, 2016, and the Superior Court's directive to the cashier to not accept further payments relating to this matter, that present the pivotal issues for consideration in this appeal.

On August 12, 2016, Ronchetto filed a motion requesting that the trial judge enter an order directing the Superior Court Marshal to issue a certificate of redemption for the Property. In support of the motion, Ronchetto's counsel's legal assistant provided an unsworn declaration. In this declaration, the legal assistant asserted that she attempted to deliver a check for the correct amount due on the judgment as a prerequisite for Ms. Ronchetto to exercise her statutory right of redemption pursuant to section 535 of title 28. The legal assistant asserted that this check was tendered to the cashier's office in the Superior Court and was accepted on June 6, 2016.[3]

However, on June 7, 2016, the cashier's office contacted the same legal assistant and informed her that the check could not be accepted because the amount of the check was incorrect and because it was **in excess** of the amount necessary to redeem the Property. The cashier then informed the legal assistant of the discrepancy between the amount owed in order to redeem the Property and the amount tendered to the Court on behalf of Ronchetto. In response, the legal assistant delivered to the cashier the

---

[2] A mortgagor is "one who mortgages property; the mortgage-debtor, or borrower. — Also spelled mortgager; mortgageor." BLACK'S LAW DICTIONARY 1034 (8th ed. 2004).

[3] The record reflects that the Superior Court's employee who accepted the check was Ms. Corrine Forbes.

payment of the lower amount as instructed, which the trial court accepted. The legal assistant further asserted that the difference between the two amounts was retained in the escrow account of Ronchetto's counsel.

In a second declaration dated September 9, 2016, the same legal assistant asserted that she attempted to deliver for deposit with the trial court cashier the difference between the smaller payment accepted on June 7, 2016, and the initial larger payment tendered on June 6, 2016, but the cashier's office again refused to accept this payment. This declaration further stated that "Judge Dunston had directed that [the cashier's office] not accept any payments in connection with this matter." The legal assistant further asserted that the total difference between the two amounts was delivered to the Appellants in two payments, one on August 29, 2016, and one on September 9, 2016. In their brief, Appellants admit they have received the two payments and have held them in escrow.

Appellant Miller's August 19, 2016 affidavit stated that he had spoken with Ronchetto's counsel on June 6 and 7, 2016, regarding Ronchetto's attempted redemption. Miller stated that he went to the Superior Court on June 10, 2016, and discovered that the amount deposited with the court was $27,305.76 less than was required for Ronchetto to exercise her statutory right of redemption. The lesser amount had been paid within the statutory redemption period. Miller confirms that Ronchetto's counsel informed him on June 10, 2016, that the court cashier had refused to accept the full payment that was tendered on June 6, 2016.

## II. JURISDICTION

■ This Court has jurisdiction over all appeals arising from a final judgment of the Superior Court. 4 V.I.C. § 32(a). A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012). The entry of a final judgment, order, or decree implicitly denies all pending motions. *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.*, 62 V.I. 728, 731 (V.I. 2015). The final order from which the Appellants seek review was entered August 24, 2016, and the notice of appeal was filed August 31, 2016. Therefore, this Court has jurisdiction to hear this appeal, which was timely filed. V.I.R. APP. P. 5(a)(1); *see Billu v. People*, 57 V.I. 455, 460 n.3 (V.I. 2012) (where an amended rule utilized the same language as the rule in effect at the time the notice of appeal was filed, the amended rule is applied); *cf. Webster v.*

*FirstBank P.R.*, 66 V.I. 514, 519 n.3 (V.I. 2017) (applying former rules of the Superior Court in effect at the time the judgment was entered); *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 548 n.13 (V.I. 2015) (applying version of statute in effect at the time the action was commenced).

## III. STANDARD OF REVIEW

While Appellants purport to present four issues for consideration, the first and third issues presented involve the interpretation of 28 V.I.C. § 535 and therefore will be discussed together. In their first issue, the Appellants question whether section 535 "requires strict compliance," and in the third, they question whether equitable relief is available under section 535. Essentially, these "issues" present one crucial question: Does 28 V.I.C. § 535 afford equitable relief for failing to comply strictly with the statutory redemption requirements when the court has expressly prevented compliance with the redemption statute? This issue entails statutory construction, and its resolution determines the other issues presented — if section 535 does not allow for equitable relief, then the Superior Court clearly abused its discretion in directing a certificate of redemption to be issued to Ronchetto and in failing to direct the Marshal to issue Miller a marshal's deed.

Assuming section 535 allows for equitable relief, the question is whether the trial court, on the facts of this case, abused its discretion in finding that equitable relief was warranted. This contention is the essence of issues two and four presented by Appellants and of the two issues presented by Ronchetto. Appellants assert that the issuance of the certificate of redemption to Ronchetto and refusal to issue to Miller a marshal's deed for the Property were errors as a matter of law pursuant to 5 V.I.C. § 497. Ronchetto argues that it was not an abuse of discretion under 4 V.I.C. §§ 72b, 243(5) and 243(8) to issue the certificate of redemption under these circumstances.

The trial court's construction of a statute is subject to plenary review. *Bradford v. Cramer*, 54 V.I. 669, 672 (V.I. 2011). The standard of review for this Court's examination of the trial court's application of the law is plenary, and its findings of fact are reviewed for clear error.[4] *Rodriguez v.*

---

[4] Appellants, while citing the "Clear Error" or "Clearly Erroneous" standard of review to which findings of fact are subject, fail to present any argument challenging the trial court's

*Bureau of Corr.*, 58 V.I. 367, 371 (V.I. 2013), *overruled in part on other grounds by Mosby v. Mullgrav*, 65 V.I. 261, 266 (V.I. 2016); *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010). The Superior Court's application of law to fact is reviewed for abuse of discretion.[5] *See Billu*, 57 V.I. at 461-62 ("The [Superior C]ourt abuses its discretion when it makes a decision that 'rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.' " (quoting *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012))).

## IV. DISCUSSION

■ While there is nothing in the record indicating that the procedure in this matter is what occurs in all efforts to redeem, the Court is compelled to address what was, at best, the troubling and absolutely confusing administration of the payment procedure that occurred in the redemption process. The Superior Court's cashier should be authorized to accept all payments tendered when a bona fide attempt is being made to redeem a property. If there is a dispute as to the amount to be paid, the appropriate procedure would be for the cashier to accept the tendered payment and immediately notify the judge assigned to the case of the apparent discrepancy between the amount tendered to the trial court and the specific amount necessary to redeem the property. The judge should *sua sponte* issue an order either 1) explaining the resolution of the discrepancy or 2) directing the parties to brief what they believe to be the appropriate resolution of the discrepancy.

■■ The record indicates that there was only one instance of *ex parte* communication, as shown by the cashier's statement that she was directed not to accept any further payments, and this does not rise to the level of judicial misconduct, especially since the trial judge followed up this

---

factual determinations and, in fact, rely on these determinations in arguing this appeal. This Court has repeatedly held that issues not adequately presented and briefed are waived. *Simpson v. Golden*, 56 V.I. 272, 279 (V.I. 2012) (citing V.I. S. Ct. R. 22(m)); *cf.* V.I. R. App. P. 22(m). Therefore, the Court relies on the facts as presented in the record.

[5] Because Appellants frame their argument in terms of statutory interpretation arguing that "[t]he use of the mandatory word 'shall' normally serves to create an obligation impervious to judicial discretion," Appellants, in essence, argue that the language of the statute precludes the trial court's exercise of discretion under the facts presented. As this presents a question of statutory interpretation, our standard of review is plenary. *Bradford*, 54 V.I. at 672. Appellees are correct that the standard of review of a judge's decision when applying these provisions is that of abuse of discretion. *Billu*, 57 V.I. at 461-62.

directive with a written order explaining the legal basis for what had occurred. *See* V.I. CODE JUD. CONDUCT R. 2.9. That being acknowledged, judges should not engage in *ex parte* communications that have the potential to result in the wrongful rejection of a payment to redeem a foreclosed property ultimately placing litigants' rights in jeopardy, without affording them notice and an opportunity to be heard, which is mandated by Due Process of Law. *See Christian v. All Persons Claiming Any Right, Title or Interest in Newfound Bay*, 962 F. Supp. 673, 675, 36 V.I. 279 (D.V.I. 1997) (noting that the failure to provide an affidavit to substantiate the defendant's claims constituted a lack of proof); *e.g., Merrill Lynch Credit Corp. v. King*, 255 B.R. 388, 391 (D.V.I. 2000) (relying on affidavits in considering a motion to vacate a foreclosure sale); *cf. Camacho v. Dodge*, 947 F. Supp. 886, 35 V.I. 160, (D.V.I. App. Div. 1996) (noting that the trial court had held an evidentiary hearing at which the court marshal and several deputy marshals testified in order to present evidence in determining if a judgment debtor was entitled to equitable relief vacating an order confirming a sale of real property); *see generally, e.g., Kell v. Davies*, 63 V.I. 462, 471-472 (V.I. Super. Ct. 2015).

## A. Because Ronchetto Attempted to Pay the Correct Amount for Redemption of the Property Within the Statutory Time Limit but was Prevented from Doing so by the Trial Court, her June 6, 2016 Tender of Payment Substantially Complied with 28 V.I.C. § 535; the Trial Court's Order Pursuant to 5 V.I.C. § 498 was Not an Abuse of Discretion.

█ The relevant portions of section 535 are as follows:

> A judgment of foreclosure shall not have the effect of barring the equity of redemption, and real property sold on execution issued upon such judgment may be redeemed, in like manner and with like effect, as real property sold on an execution issued on a judgment may be redeemed under sections 492 through 500 of Title 5 except that, notwithstanding the provisions of section 496 of Title 5, the judgment debtor or his successor in interest, on paying the amount of the purchase money, with interest at the legal rate per annum thereon from the date of sale, together with the amount of any taxes which the purchaser may have paid thereon after purchase, shall redeem within six months after the order of confirmation of sale. Nothing herein contained shall

preclude a voluntary conveyance by the mortgagor to the mortgagee in lieu of foreclosure, which conveyance shall be deemed to convey the full estate of the mortgagor including the right to redemption. This right of redemption may be waived in writing by the judgment debtor or his successor in interest provided such waiver is not in or was not created contemporaneously with the underlying mortgage.

28 V.I.C. § 535.[6] It is fundamental to statutory interpretation that, when two statutes address the same topic, the more specific statute controls. *V.I. Pub.*

---

[6] Having conducted an extensive review of cases addressing the right of redemption following a foreclosure sale, the interpretation of 28 V.I.C. § 535 appears to be an issue of first impression in this Territory. *E.g., Thornberg v. Jorgensen*, 60 F.2d 471, 1 V.I. 606 (3d Cir. 1932); *Kennedy Funding, Inc. v. Windots Development, LLC*, Civ. No. 2010-32, 2016 U.S. Dist. LEXIS 43423 (D.V.I. Mar. 31, 2016) (unpublished); *Bank of Nova Scotia v. Ross*, Civ. No. 2010-118, 2015 U.S. Dist. LEXIS 77270 (D.V.I. June 15, 2015) (unpublished); *Flagstar Bank, FSB v. Gardner*, Civ. No. 2013-88, 2015 U.S. Dist. LEXIS 41205 (D.V.I. Mar. 31, 2015) (unpublished); *M&T Bank v. Soto*, Civ. No. 2013-78, 2015 U.S. Dist. LEXIS 41200 (D.V.I. Mar. 31, 2015) (unpublished); *DLJ Mortgage Capital, Inc. v. Roland*, Civ. No. 2013-10, 2015 U.S. Dist. LEXIS 41569 (D.V.I. Mar. 31, 2015) (unpublished); *Bank of Am., N.A. v. Deshazer*, Civ. No. 2013-77, 2014 U.S. Dist. LEXIS 178086 (D.V.I. Dec. 30, 2014) (unpublished); *Flagstar Bank, FSB v. Diggs*, Civ. No. 2012-91, 2014 U.S. Dist. LEXIS 71862 (D.V.I. May 27, 2014) (unpublished); *Flagstar Bank, FSB v. Deans*, Civ. No. 2012-87, 2014 U.S. Dist. LEXIS 62234 (D.V.I. May 6, 2014) (unpublished); *Flagstar Bank, FSB v. Norman*, Civ. No. 2012-48, 2014 U.S. Dist. LEXIS 61655 (D.V.I. May 5, 2014) (unpublished); *Flagstar Bank, FSB v. Rivers*, Civ. No. 2012-93, 2014 U.S. Dist. LEXIS 34800 (D.V.I. Mar. 18, 2014) (unpublished); *Flagstar Bank, FSB v. Smith*, Civ. No. 2012-92, 2014 U.S. Dist. LEXIS 28100 (D.V.I. Mar. 5, 2014) (unpublished); *Flagstar Bank, FSB v. Ramsey*, Civ. No. 2012-59, 2014 U.S. Dist. LEXIS 28100 (D.V.I. Mar. 5, 2014) (unpublished); *Flagstar Bank, FSB v. Roberts*, Civ. No. 2012-19, 2014 U.S. Dist. LEXIS 23335 (D.V.I. Feb. 25, 2014) (unpublished); *Flagstar Bank, FSB v. Miller*, Civ. No. 2012-28, 2014 U.S. Dist. LEXIS 19556 (D.V.I. Feb. 18, 2014) (unpublished); *Flagstar Bank, FSB v. Smith*, Civ. No. 2011-78, 2014 U.S. Dist. LEXIS 10225 (D.V.I. Jan. 28, 2014) (unpublished); *Flagstar Bank, FSB v. Toronto*, Civ. No. 2011-15, 2013 U.S. Dist. LEXIS 77588 (D.V.I. June 3, 2013) (unpublished); *Flagstar Bank, FSB v. Haynes*, Civ. No. 2011-90, 2013 U.S. Dist. LEXIS 76770 (D.V.I. May 31, 2013) (unpublished); *Flagstar Bank, FSB v. Schuster*, Civ. No. 2011-111, 2013 U.S. Dist. LEXIS 77587 (D.V.I. June 3, 2013) (unpublished); *United States v. O'Reilly*, Civ. No. 2000-170, 2013 U.S. Dist. LEXIS 88887 (D.V.I. June 25, 2013) (unpublished); *United States v. Hamilton*, Civ. No. 2010-125, 2013 U.S. Dist. LEXIS 149446 (D.V.I. Oct. 17, 2013) (unpublished); *Flagstar Bank, FSB v. Stridiron*, Civ. No. 2011-46, 2013 U.S. Dist. LEXIS 156072 (D.V.I. Oct. 31, 2013) (unpublished); *Bank of Am., N.A. v. Loopeker*, Civ. No. 2011-0105, 2013 U.S. Dist. LEXIS 174844 (D.V.I. 2013) (unpublished); *LPP Mortgage, Ltd. v. Caledonia Springs, Inc.*, Civ. No. 02-172, 2007 U.S. Dist. LEXIS 98213 (D.V.I. Nov. 6, 2007) (unpublished); *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 45 V.I. 495 (D.V.I. 2004); *Armstrong v. Armstrong*, 266 F. Supp. 2d 385

*Servs. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 485 (V.I. 2008); *see, e.g., Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S. Ct. 1291, 146 L. Ed. 2d 121 (2000); *Creque v. Luis*, 803 F.2d 92, 94 (3d Cir. 1986); *Abramson v. Georgetown Consulting Grp., Inc.*, 765 F. Supp. 255, 262 (D.V.I. 1991); *Jean-Baptiste v. V.I. Taxicab Comm'n*, 64 V.I. 235, 244 (V.I. Super. Ct. 2016).

■ Section 535 provides for the right of redemption following a "judgment of foreclosure" and directs that the procedure for redemption following a judgment of foreclosure should be "in like manner and with like effect" as provided in the general statutory provisions for redemption of the sale of real property upon execution of judgments generally (i.e., sections 492-500 of title 5). *Bank of Nova Scotia v. Family Broad., Inc.*, 121 Fed. Appx. 440, 441-42 (3d Cir. 2005). "[R]eal property sold on execution issued **upon such judgment** may be redeemed." 28 V.I.C. § 535 (emphasis added). We must apply any accumulated technical or legal meaning to these words if such a definition exists, otherwise, we are to apply the common, "Dictionary Meaning," of the word. 1 V.I.C. § 42 ("Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning."); *Ubiles v. People*, 66 V.I. 572, 594 (V.I. 2017). The intended meaning of a word or phrase is garnered from the context in which it is used and is "construed according to the common and approved usage of the English language." 1 V.I.C. § 42; *Ubiles*, 66 V.I. at 594.

■ While "judgment of foreclosure," is not a defined term, "foreclosure decree" has an accumulated legal meaning; "generally, [it is] a decree ordering a judicial foreclosure sale" or "a decree ordering strict foreclosure of a mortgage." BLACK'S LAW DICTIONARY 674 (8th ed. 2004). A decree is "traditionally, a judicial decision in a court of equity, admiralty, divorce, or probate — similar to a judgment of a court of law," "a court's final judgment," or "any court order, but esp. one in a

(D.V.I. App. Div. 2003); *Camacho v. Dodge*, 947 F. Supp. 886, 35 V.I. 160 (D.V.I. App. Div. 1996); *Bank of Nova Scotia v. Hotel Royal Dane*, 397 F. Supp. 781, 12 V.I. 125 (D.V.I. 1975); *Royal Bank of Canada v. Clarke*, 373 F. Supp. 599, 10 V.I. 415 (D.V.I. 1974); *Cohen v. Ortzsik*, 11 V.I. 116 (D.V.I. 1974); *FirstBank P.R. v. Simmiolkjier*, SX-09-CV-497, 2010 V.I. LEXIS 116 (V.I. Super. Ct. July 29, 2010) (unpublished); *FirstBank P.R. v. Simiolkjier*, SX-09-CV-497, 2010 V.I. LEXIS 117 (V.I. Super. Ct. July 27, 2010) (unpublished); *Stack's v. Gordon*, 17 V.I. 177 (V.I. Super. Ct. 1981).

matrimonial case." *Id.* at 440. A judgment is "a court's final determination of the rights and obligations of the parties in a case. The term judgment includes an equitable decree and any order from which an appeal lies." *Id.* at 858; *see also id.* at 1130 (observing with regard to "order" that "the word generally embraces final decrees as well as interlocutory directions and commands").[7] It is indisputable from the forgoing definitions that section 535 applies when the Superior Court orders that a property be foreclosed upon and sold, whether it is termed a decree, order, or judgment. *See Bryan v. Fawkes*, 61 V.I. 416, 452 n.17 (V.I. 2014) (noting that it is the substance of the court's actions that are considered — rather than the label given to those actions by the court — when determining if a court has violated the Anti-Injunction Act); *see generally Hopkins v. Lee*, 19 U.S. 109, 113-14, 5 L. Ed. 218 (1821) ("[A] verdict and judgment of a court of record, or a decree in Chancery, although not binding on strangers, puts an end to all further controversy concerning the points thus decided between the parties to such a suit. In this, there is and ought to be, no difference between a verdict and judgment in a Court of common law, and a decree of a Court of equity.").

The language of section 535 explicitly informs that redemption of real property sold pursuant to a foreclosure judgment is governed specifically by the requirements of section 535 of title 28 and sections 492-500 of title 5. 28 V.I.C. § 535; *Gould v. Salem*, S. Ct. Civ. No. 2010-0098, 2012 V.I. Supreme LEXIS 47, at *5 n.3 (V.I. May 31, 2012) (unpublished) ("In the Virgin Islands, the rights of a debtor facing foreclosure of real property are controlled by 28 V.I.C. §§ 531-538. Specifically, 28 V.I.C. § 535 permits a debtor to redeem real property . . . ."). The circumstances under

---

[7] The chief difference between decrees in equity and judgments at common law are as follows: The former are pronounced by courts of equity; the latter, by court of law. The former result from an investigation and determination of the rights of the parties by means provided and according to the principles recognized in equity jurisprudence; the latter result from an investigation and determination made by the more limited means and more inflexible rules of the common law. The former may be adjusted to all the varieties of interest and of circumstance, and may contain such directions as are needed to carry them into effect, both in letter and in spirit; the latter are invariable from, general in terms, and absolute for plaintiff or defendant. And the former often enforce rights not recognized by the common law . . . The term 'judgment' is frequently used in a broad sense to include decrees in equity.

*Id.* 440 (quoting 1 A.C. FREEMAN, A TREATISE OF THE LAW OF JUDGMENTS § 12, at 23-24 (Edward W. Tuttle ed., 5th ed. 1925)).

which a person may exercise the right of redemption of real property following a judgment of foreclosure, as opposed to any other type of judgment, are enumerated in section 535. This requires that "the judgment debtor" pay: 1) "the amount of the purchase money," 2) "interest at the legal rate per annum thereon from the date of sale," and 3) "the amount of any taxes which the purchaser may have paid thereon after purchase." 28 V.I.C. § 535; *Andrews v. Nathaniel*, 42 V.I. 34, 41-42 (V.I. Super. Ct. 2000); *see also Cohen v. Estate of Lionel*, Civ. No. 2011-77, 2016 U.S. Dist. LEXIS 30648, at *17 (D.V.I. Mar. 10, 2016).

■ Finally, the judgment debtor "shall redeem within six months after the order of confirmation of sale." The words "order of confirmation of sale" categorically refer to the order that confirms the sale, and the operative date from which the six months is calculated is the date of entry of the order. *Chase Manhattan Bank v. Robert-Surzano*, 51 V.I. 1024, 1039 (D.V.I. App. Div. 2009) (noting that the six months runs from the date of entry of the order). To "redeem," as used in this context, refers to the statutory right of redemption provided in section 535 and requires the judgment debtor to meet the statutory requirements for redemption. BLACK'S LAW DICTIONARY 1468 (10th ed. 2014) (defining statutory redemption as "[t]he statutory right of a defaulting mortgagor to recover property, within a specified period, after a foreclosure or tax sale, by paying the outstanding debt or charges"). Use of the mandatory "shall" indicates that the redemption must occur within six months of the entry of the order of confirmation of the sale of the foreclosed property. *Id.* at 1407 (shall indicates that a person "has a duty to; more broadly, is required to <the requester shall send notice> <notice shall be sent>. This is the mandatory sense that drafters typically intend and that courts typically uphold.").

■ Therefore, a judgment debtor subject to a judgment of foreclosure of a mortgage on real property has a statutory right of redemption as provided by section 535 of title 28. *Chase Manhattan Bank v. Robert-Surzano*, 51 V.I. 1024, 1046 n.17 (D.V.I. App. Div. 2009); *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 7 V.I. 275, 278 (D.V.I. 1969); *Andrews*, 42 V.I. at 41; *see V.I. Nat. Bank v. Tyson*, 506 F.2d 802, 11 V.I. 323, 327 n.3 (3d Cir. 1974). Undeniably, in order to exercise her statutory right of redemption under section 535, the judgment debtor must pay: 1) the total amount of the judgment, 2) the total legal interest accumulated on the judgment, 3) any taxes paid by purchaser after purchase, and 4) the judgment debtor must do so within six months of entry of the order confirming the marshal's sale of

the real property. 28 V.I.C. § 535; *Andrews*, 42 V.I. at 41-42; *see also Family Broad.*, 121 Fed. Appx. at 442; *Cohen*, 2016 U.S. Dist. LEXIS 30648, at *17; *Martin v. Banco Popular de P.R.*, 51 V.I. 895, 910 (D.V.I. 2009); *Merrill Lynch*, 255 B.R. at 393 n.8; *Kell*, 63 V.I. at 473.

 The pivotal question is whether the legislature intended to preclude any equitable considerations should a judgment debtor be prevented or impeded from exercising her right of redemption within the time prescribed in section 535 due to circumstances beyond her control or because of an erroneous judicial directive to the court's staff.[8] Section 535 specifically directs that redemption under this provision is to be accomplished "in **like** manner and with like **effect**" as outlined in sections 492-500 of title 5. 28 V.I.C. § 535 (emphasis added); Code 1921, Title III, ch. 41, § 5 ("[P]roperty sold on execution issued upon such judgment may be redeemed in like manner and with like effect as real property sold on an execution issued on a judgment."). The final clause of section 498 of title 5 provides that

> [w]here a marshal wrongfully refuses to allow any person to redeem, his right thereto shall not be prejudiced thereby and upon the submission of the evidence and the tender of the money to the marshal as

---

[8] The decision in *Paolozzi v. Beretta*, 15 V.I. 451, 458 (V.I. Super. Ct. 1979) facially supports Appellants. In that case, there were two attempted redemptions, and only the analysis of the validity of the first has any value in support of the Appellants. There, the judgment debtor contacted the appropriate government office to ascertain the amount required for redemption and was informed of an amount that omitted a month's worth of interest as well as a recording fee. The judgment debtor then paid the amount of which she was informed but failed to pay it to the purchaser, as required by statute. The *Paolozzi* court, despite acknowledging that "at least substantial statutory compliance within the allowable time" was all that was demanded of a redemptioner, found the attempted redemption to be ineffective. While the statute uses the term "marshal," the parties have not argued that Ronchetto failed to comply with the Superior Court's procedures on this basis. It has not been asserted that she was directed to pay the redemption funds directly to the marshal, and because the cashier is part of the Superior Court, just as the marshal and deputy marshals, we see no reason to consider Ronchetto's actions as tendering her redemption to the wrong officer of the trial court. *Multnomah Cnty. v. First Nat'l Bank of Portland*, 48 Ore. 184, 82 P. 23, 25 (1905) ("If the owners of the real property that was sold for delinquent taxes to the county are to be deprived of their respective estates in the premises because they paid their money to White, though encouraged to do so by an order of the county court assigning the tax certificates to him, a great injustice may possibly result to them."); *see Harter v. Cone*, 59 Ore. 43, 115 P. 1070, 1072 (1911) ("Although the money was not paid or tendered to the tax collector, we think when it was tendered to, and afterwards paid into court for the benefit of, defendant, there was a substantial compliance with the statute.").

874

herein provided, he may be required by order of the court to allow such redemption.

5 V.I.C. § 498.[9] The Superior Court wrongfully refused to accept Ronchetto's tender of the full and correct payment to the cashier. Therefore, Ronchetto was entitled to an order directing that the redemption be allowed. Moreover, Ronchetto's redemption of the Property on June 6, 2016, terminated the effect of the foreclosure sale and restored the Property to her. 5 V.I.C. § 497.[10]

---

[9] For reference purposes, the original provision of the 1921 Code of Laws for the Municipality of St. Thomas and St. John upon which section 498 of title 5 is based provided as follows:

> Section 28. — The mode of redeeming shall be as provided in this section.
>
> The person seeking to redeem may redeem by paying to the sheriff the sum required. The sheriff shall give the person redeeming a certificate, as in case of sale on execution, adding therein the sum paid on redemption, from whom redeemed, and the date thereof and shall at once give notice of such redemption to the party from whom redeemed. A party seeking to redeem shall submit to the sheriff the evidence of his right thereto, as follows:
>
> First. If he be a lien creditor, a copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court where such judgment is docketed, or if he seek to redeem upon a mortgage, the certificate of the record thereof.
>
> Second. A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or agent showing the amount then actually due on the judgment or mortgage.
>
> Third. If the redemptioner or purchaser have a lien prior to that of the lien creditor seeking to redeem, such redemptioner or purchaser shall submit to the sheriff the like evidence thereof and of the amount due thereon, or the same may be disregarded.
>
> When two or more persons apply to the sheriff to redeem at the same time he shall allow the person having the prior lien to redeem first, and so on. The sheriff shall immediately pay the money over to the person from whom the property is redeemed, if he attend at the redemption, or if not, at any time thereafter when demanded. **Where a sheriff shall wrongfully refuse to allow any person to redeem, his right thereto shall not be prejudiced thereby and upon the submission of the evidence and the tender of the money to the sheriff as herein provided, he may be required by order of the court or judge thereof to allow such redemption.**

Code 1921, Title III, ch. 30, § 28 (emphasis added.)

[10] For reference purposes, the original provision of the 1921 Code of Laws for the Municipality of St. Thomas and St. John upon which section 497 of title 5 is based provided as follows:

> Section 27. — If redemption be not made as prescribed in this act, or when redemption is made and a period of sixty days shall have elapsed without any other redemption, the purchaser or the redemptioner, as the case may be, shall be entitled to a conveyance from

■ ■ ■ While these sections have not been interpreted by this Court in the context of a judgment of foreclosure, other courts have interpreted statutes utilizing the same language, and we may look to other jurisdictions for guidance when statutory provisions are similar to those under consideration. *Ottley v. Estate of Bell*, 61 V.I. 480, 494 n.10 (V.I. 2014). The intermediate appellate court of Washington considered the state's redemption statute which provided that "[w]hen a sheriff wrongfully refuses to allow any person to redeem, the right to redeem shall not be prejudiced by such refusal, and the sheriff may be required, by order of the court, to allow such redemption." *Graves v. Elliott*, 69 Wn.2d 652, 419 P.2d 1008, 1010-11 (Ct. App. 1966), *overruled on other grounds by GESA Fed. Credit Union v. Mut. Life Ins. Co. of N.Y.*, 105 Wn.2d 248, 713 P.2d 728 (1986) (quoting former WASH REV. CODE § 6.24.170). In *Graves*, the court held the statue's "wrongfully refuses" clause was "sufficiently broad . . . [in a case] which the sheriff [incorrectly] refused to issue a deed until after judicial determination." *Id.* at 1010-11. Likewise, the "wrongfully refuses" clause in section 498 is sufficiently broad to capture a case such as this — due to clerical errors not the fault of the redemptioner, instead because of the court's failure — the right to redeem is not relinquished.

■ The above interpretation and conclusion are further buttressed by cases decided by Virgin Islands courts involving the various requirements for the redemption of property sold upon execution involving both judgments generally and foreclosure judgments specifically. *E.g., Lucerne Inv. Co.*, 7 V.I. at 278 (interpreting the five-day limitation for objecting to the foreclosure sale as directory only); *Kell*, 63 V.I. at 468 (sale held to be valid when the marshal failed to meet the requirement of physically posting of notice of the marshal's sale on the foreclosed property); *Citimortgage, Inc. v. Manning*, ST-07-CV-456, 2011 V.I. LEXIS 40, at *7-9 (V.I. Super. Ct. July 7, 2011); *see also Mt. Wash. Estates, Inc. v. Brumick Corp.*, 10 V.I. 393, 395-96 (D.V.I. 1974). Indeed, the Third Circuit implied this conclusion in *Tyson*, 506 F.2d at 804 n.3 (debtor may be entitled to an order extending the time for redemption).[11] Because

---

the sheriff. If the judgment debtor redeem at any time before the time for redemption expires, the effect of the sale shall terminate, and he shall be restored to his estate.

Code 1921, Title III, ch. 30, § 27.

[11] Appellants cite *James v. James*, 17 V.I. 40, 44-45 (V.I. Super. Ct. 1980), and *Paolozzi*, 15 V.I. at 458, in support of their position. Both cases are inapposite. *James*, 17 V.I. at 45,

876

section 535 of title 28 must be construed liberally in favor of redemption when determining if a judgment debtor has adequately exercised her statutory right of redemption and there was substantial compliance with the procedure for redemption within the statutory time limit, the judgment is affirmed.

## B. Because the Certificate of Redemption was not Issued Until the Full Redemption Value of the Property was Paid by Ronchetto, Any Error in the Prior Calculation of the Interest Due and the Timing of When Such Interest was Due is Harmless Error.

Section 535 of title 28 of the Virgin Islands Code requires that the redemptioner tender "the amount of the purchase money, with interest at the legal rate per annum thereon from the date of sale" in order to redeem a foreclosed property. 28 V.I.C. § 535; e.g., Andrews, 42 V.I. at 41-42. The legal rate of interest on a promissory note secured by a mortgage is 9% per year. See 11 V.I.C. § 951(a)(1). The date of the sale was September 30, 2015, and the tender of payment was on June 6, 2016, with the certificate of redemption issued October 5, 2016. There were 250 days between the sale and the redemption. The parties agree that the total redemption value of the Property at the time Ronchetto made her first tender of the

---

specifically recognized that redemption statutes are to be liberally construed. The *James* court explained that the defendant failed to pay the full amount due for redemption, omitting payment of interest on the purchase price and payment of incurred taxes. These are by no means *de minimis* omissions. *Paolozzi* relied upon 33 V.I.C. § 2581, which did not incorporate sections 492-500 of title 5 by reference. The full text of section 2581 of title 33, as quoted by the court in *Paolozzi*, is as follows:

> The owner of any real property sold for taxes, his heirs or assigns, or any person having a right or interest therein, may redeem the same within one year from date of the certificate of purchase by paying to the purchaser, his heirs or assigns, the full amount of the purchase money, with annual interest at the rate of six percent, together with all costs incurred and taxes due. Upon payment of the said amounts, the redemptioner shall be entitled to receive from the purchaser, his heirs or assigns, the said certificate of purchase upon which shall be duly indorsed before a notary public the receipt of the redemption money, and a fee of fifty cents shall be paid by the redemptioner to the notary public. The receipt duly indorsed upon the certificate of purchase shall operate as a release of all claim to title to the real property sold under or by virtue of any such sale for nonpayment of taxes. And the redemptioner may have such release duly entered in the real property register against the certificate of purchase upon payment to the recorder of deeds the fee of $1.00. . . .

15 V.I. at 456. In that legal context, the court never considered the effect of the clause of section 535 of title 28 applying section 498 of title 5.

redemption payment was $697,455.75 (the price paid at auction $697,455.90, property taxes, $4,947.75, and interest at 9% from September 30, 2015, to June 6, 2016). Ronchetto paid $670,149.99 on June 7, 2016; $27,145.07 on August 29, 2016; and $160.69 on September 9, 2016, for a total payment of $697,455.75. The certificate of redemption was issued after the last payment was received by the Superior Court.

■■ ■ The Superior Court's August 24, 2016 order authorized the marshal to issue a certificate of redemption to Ronchetto **before** Appellants received their full redemption payment under title 28, section 535. Although **full** payment is a condition precedent to issuance of the certificate of redemption, in this case any error was harmless because full payment was made before the marshal issued the certificate of redemption. *See* V.I. R. APP. P. 4(i) ("No error or defect in any ruling or order in anything done or omitted by the Superior Court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties"); *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793-95 (V.I. 2015) (explaining that a harmless error is not grounds for reversal).

## V. CONCLUSION

■ Sections 535 of title 28 and 498 of title 5 dictate that Ronchetto's June 6, 2016 tender of payment was effective under the circumstances presented in this appeal. The facts in the record confirm that Ronchetto's first tender of the total redemption value of the Property to the Superior Court's cashier complied with the procedure for redemption of the Property prior to the expiration of the statutory time limit; therefore, the judgment is affirmed.[12]

---

[12] Nothing in today's holding should be read as allowing equitable considerations for a judgment debtor who fails to make "at least substantial statutory compliance **within the allowable time** . . . ." *Paolozzi*, 15 V.I. at 459 (citing *Spachman v. Overton*, 16 Ill. App. 3d 385, 306 N.E.2d 743 (1974); *Muir v. Mierwin*, 319 Ill. App. 286, 49 N.E.2d 265, 267 (1943)). (emphasis added). It remains the law that "at the expiration of the prescribed period, [the judgment debtor's] rights and the rights of those claiming under [the judgment debtor] terminate." *Id.* (citing *Hilton v. Meier*, 257 Ill. 500, 100 N.E. 962 (1912)).